902 F.2d 1569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Aziz Abdus SAMAD, Plaintiff-Appellant,
v.
Billy W. COMPTON, Warden; David Mills, Warden; Betty
Kirkpatrick; Harold McCaskill; John Doe; Jane
Doe, Defendants-Appellees.
 No. 89-6009.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges, and HORACE W. GILMORE, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Aziz Abdus Samad, a pro se Tennessee prisoner, appeals from the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 Seeking a temporary restraining order, preliminary injunction, and a permanent injunction, Samad sued various officials of the Fort Pillow (Tennessee) State Prison, alleging that on three occasions a friend of his was turned away at the prison. He asserted that defendants' actions constituted a denial of his rights to due process, equal protection, free exercise of religion and freedom of association, as well as the rights granted him under the policies promulgated by the Tennessee Department of Corrections. Subsequently, Samad also alleged that defendants had engaged in a series of actions against him in retaliation for the filing of his complaint.
 
 
 5
 The matter was referred to a magistrate who, after an evidentiary hearing, recommended that the complaint be dismissed in its entirety. The magistrate's report, which was filed on May 5, 1989, clearly provided that objections to the report must be filed within ten days or else Samad's right to appeal would be waived. Despite a ten day extension of time to file objections none were ever filed. On May 30, 1989, the district court adopted the magistrate's report and recommendation and dismissed the case. Samad filed a timely appeal, challenging the district court's dismissal of his action.
 
 
 6
 Upon review, we affirm the district court's judgment.
 
 
 7
 Samad's failure to file objections to the magistrate's report has waived his right to appellate review of the district court's order. Despite having notice that his failure to file timely objections to the magistrate's report could result in the waiver of his right to appeal, Samad not only failed to file such objections to the magistrate's report, he has not even attempted to explain his failure to file such objections.
 
 
 8
 A party who does not file timely objections to a magistrate's report and recommendation after being advised to do so waives his right to appeal. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). See also Thomas v. Arn, 474 U.S. 140 (1985).
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation